# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2020

Lyle W. Cayce
Clerk

No. 20-40106
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN JOSE SERNA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1578-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Juan Jose Serna appeals from his 37-month sentence of imprisonment following his guilty plea conviction for bulk cash smuggling. He argues that the district court erred by attributing to him as relevant conduct the amount of cash seized from his codefendant, Reynaldo Del Castillo. According to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40106

Serna, there was insufficient reliable evidence linking him to Del Castillo's cash shipment to support the district court's finding.

We review the district court's interpretation and application of the Guidelines de novo and the district court's factual findings for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020). In Serna's presentence report (PSR), the probation officer compiled information—derived from investigative reports and interviews with law enforcement agents—showing that Serna and Del Castillo had been running a drug trafficking ring together and that both cash shipments were part of those trafficking operations. Moreover, at the time Del Castillo was found in possession of the $762,870 seized by law enforcement, he was driving a tractor-trailer registered in Serna's name. Serna did not present rebuttal evidence or otherwise demonstrate that the information in the PSR was unreliable; thus, the district court was free to adopt that information without further inquiry. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). Because the district court's factual finding that Serna was accountable for Del Castillo's cash shipment as relevant conduct is plausible in light of the record as a whole, Serna cannot show clear error. *See Barfield*, 941 F.3d at 761.

Accordingly, the district court's judgment is AFFIRMED.